**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| INGRID ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>NEPHRITE FUND I, LLC,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>STRATEGIC PROPERTIES, LLC,<br><br>Third-Party Defendant. | ) | Case No. 4:25-cv-00428-RK |

**ORDER**

Before the Court is Third-Party Defendant Strategic Properties, LLC's unopposed motion to set aside clerk's entry of default. (Doc. 62.) After careful consideration and for the reasons explained below, Strategic Properties, LLC's motion to set aside clerk's entry of default is **GRANTED**.

Strategic Properties, LLC failed to answer or otherwise respond to Defendant and Third-Party Plaintiff Nephrite Fund I, LLC's Third-Party Complaint; thus, on August 11, 2026, the Clerk of the Court entered an entry of default. (Doc. 57.)

The Court may set aside an entry of default for good cause, pursuant to Federal Rule of Civil Procedure 55(c). The Court considers "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008).

Strategic Properties, LLC argues that its failure to file an answer was inadvertent and due to a now ex-employee's failure to alert the company of the summons and Third-Party Complaint. The proof of service indicates that on January 8, 2026, Strategic Properties, LLC was served a summons and copy of the Third-Party Complaint by service upon Sharnice Finney, who was at the time a property manager employed by Strategic Properties in its Raytown, Missouri office. (Doc.

39). Strategic Properties, LLC states that Finney did not alert the company of the summons and Third-Party Complaint, and she was later terminated in July 2026. On August 2, 2026, the new property manager found a folder containing the summons and Third-Party Complaint received by Finney. Strategic Properties, LLC's owner tendered the suit to his insurance company, who retained counsel and filed the motion to set aside clerk's entry of default. No party contests these facts set forth by Strategic Properties, LLC or opposes the motion to set aside clerk's entry of default. In addition, Strategic Properties, LLC asserts it has numerous meritorious defenses. The Court finds that Strategic Properties, LLC has established good cause to set aside the clerk's entry of default.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 7, 2026